NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3296
_____

UNITED STATES OF AMERICA

v.

HARRISON MICHAEL RINEHOLT,
                                                        Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-14-cr-00314)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 17, 2016

Before: SMITH, HARDIMAN, and NYGAARD, *Circuit Judges*.

(Filed: May 24, 2016)

_____

OPINION[*]
_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Harrison Rineholt appeals the District Court's order imposing conditions of supervised release following his guilty plea for failure to register as a convicted sex offender. We will affirm.

I

On December 10, 2012, Rineholt was convicted of two counts of possession of child pornography in York County, Pennsylvania. Although he registered as a sex offender and completed the required updates from June 2013 through May 2014, Rineholt failed to do so beginning in July 2014 when he fled to Mexico. In December 2014, a grand jury in the United States District Court for the Middle District of Pennsylvania indicted Rineholt on one count of failing to register as a sex offender from July 2014 to December 2014, in violation of 18 U.S.C. § 2250(a). Rineholt surrendered to Mexican authorities in March 2015 and was returned to the United States. A month later, Rineholt pleaded guilty to the charge.

The District Court sentenced Rineholt to thirteen months in prison, followed by a five-year term of supervised release. The Court also imposed seven special conditions of supervised release, two of which are at issue in this appeal: (1) Rineholt was required to participate in a sex offender treatment program at his own expense; and (2) other than brief, unanticipated, and incidental contacts, he was prohibited from associating with children under the age of 18, except for family members or children in the presence of an

2

adult approved by the probation officer. Rineholt objected to these conditions, arguing that they were not reasonably related to his conviction. He also argued that the prohibition on associating with children under the age of 18 was vague. On September 8, 2015, the District Court filed an order formalizing the rulings it had made on the record at sentencing. Rineholt appealed.[1]

## II

We review the District Court's order imposing special conditions of supervised release for abuse of discretion. *United States v. Maurer*, 639 F.3d 72, 77 (3d Cir. 2011). Under 18 U.S.C. § 3583(d)(1), a court may impose a special condition of supervised release only if it is reasonably related to the familiar sentencing factors set forth in 18 U.S.C. § 3553(a). Special conditions of supervised release also must involve "no greater deprivation of liberty than is reasonably necessary" to achieve the purposes set forth in § 3553(a)(2)(B)–(D). 18 U.S.C. § 3583(d)(2).

Rineholt argues that the condition requiring him to participate in sex offender treatment does not reasonably relate to his history and characteristics, and violates § 3583(d)(2). Specifically, he argues that because neither his offense of conviction (failure to register as a sex offender) nor his underlying state court conviction (possession of child pornography) involved any physical sex abuse, no penological purpose is served

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

by sex offender treatment. We disagree. Rineholt's failure to register as a sex offender,

his unauthorized eight-month stay in Mexico, and his failure to successfully complete sex

offender treatment while on state supervision demonstrate a refusal to abide by the

restrictions placed on him as a convicted sex offender and undermine efforts to protect

the public and prevent recidivism.

Moreover, sex offender treatment is related to Rineholt's underlying state court

conviction for possession of child pornography, which is classified as a sex offense and

"contributes to the victimization of children and creates a market for child abuse." *United

States v. Miller*, 594 F.3d 172, 189 (3d Cir. 2010) (internal quotation marks and citation

omitted). "In light of the nature and seriousness of the [possession of child pornography]

offense, there is a need to both deter others from similar crimes and to protect the public

from any further crimes. Sex offender treatment is reasonably related to these deterrent

and preventive goals." *Id.* (internal quotation marks and citation omitted). The District

Court was well within its discretion to find that completing such treatment would protect

the public and deter crime.[2]

Rineholt also argues that the condition prohibiting him from associating with

children under the age of 18 is not reasonably related to the circumstances of his offense

---

[2] To the extent that Rineholt argues that requiring him to undergo sex offender treatment at his own expense was improper, we reject his argument. *See, e.g., Miller*, 594 F.3d at 189 (upholding nearly identical condition of supervised release requiring appellant to participate in a sex offender treatment program at his own expense).

or his history, and involves a greater deprivation of liberty than is reasonably necessary. Rineholt correctly notes that neither his offense of failing to register nor his state court conviction involved inappropriate contact with minors. Nevertheless, he was convicted in state court of possessing child pornography, which included 351 images and 118 videos of children. These facts alone justify a condition limiting his contact with children. *See United States v. Loy*, 237 F.3d 251, 269 (3d Cir. 2001).

Finally, he contends that this condition is overbroad because it restricts his association with both male and female children, even though there is nothing in the record indicating that he has a gender preference. Rineholt cites no authority to support his argument that restricting his contact with minors must be tailored by gender. In any event, we have upheld a nearly identical condition limiting contact with "children under the age of 18 except for family members or children in the presence of an adult who has been approved by the probation officer." *Miller*, 594 F.3d at 189; *see also Maurer*, 639 F.3d at 76, 85 (upholding condition prohibiting "any contact with children of either sex, under the age of 18, without the expressed approval of the U.S. Probation Office"); *Loy*, 237 F.3d at 267–68 (same).

III

For the foregoing reasons, we will affirm the District Court's order.

5